# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-1618
_____

Jeffrey Reynolds

*Plaintiff - Appellant*

v.

Pamela Cook, Lieutenant, DRU, ADC; F.D. Gilbert, Sergeant, DRU, ADC; D.J. Wilson, Corporal, DRU, ADC; Richardson, Sergeant, DRU, ADC; Shanklin, Corporal, Delta Regional Unit

*Defendants - Appellees*
_____

Appeal from United States District Court
for the Eastern District of Arkansas - Delta
_____

Submitted: February 20, 2025
Filed: March 3, 2025
[Unpublished]
_____

Before LOKEN, SMITH, and KOBES, Circuit Judges.
_____

PER CURIAM.

Arkansas inmate Jeffrey Reynolds appeals the district court's[1] preservice dismissal of his 42 U.S.C. § 1983 action. After careful review of the record and the arguments on appeal, *see Jackson v. Nixon*, 747 F.3d 537, 540-41 (8th Cir. 2014) (standard of review), we affirm the district court's dismissal of Reynolds's complaint. Reynolds's express designation that he sued the defendants only in their official capacities forecloses recovery of personal liability damages from the defendants. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 68, 71 (1989) (holding suit against state officials in their official capacities is suit against entity that employs them and equivalent to naming state; § 1983 claim for damages cannot be sustained against state).

This case is distinguishable from our recent decision in *S.A.A. v. Geisler*, No. 23-3119, 2025 WL 426999 (8th Cir. Feb. 7, 2025) (en banc) (eliminating the court's "clear statement rule" and replacing it with a test that examines the record for how the parties have proceeded to decide if an individual capacity claim had been pursued). In *S.A.A.*, "[t]he complaint . . . did not specify the capacity in which Geisler was sued." *Id.* at *1. Here, Reynolds affirmatively selected "official capacity only" when asked on the complaint form whether he was suing the defendants in their "official capacity only," "personal capacity only," or "both official capacity and personal." R. Doc. 2, at 2. The "clear statement rule" that *S.A.A.* overruled stated that "[i]f a plaintiff's complaint is *silent* about the capacity in which she is suing the defendant, we interpret the complaint as including only official-capacity claims." 2025 WL 426999, at *2 (emphasis added) (alteration in original) (quoting *Egerdahl v. Hibbing Cmty. Coll.*, 72 F.3d 615, 619 (8th Cir. 1995)). But Reynolds's complaint is *not* silent; therefore, *S.A.A.*'s "course of proceedings test" does not apply. *See id.* at *4 ("Indeed, each of the circuits, following the Supreme Court's language in *Graham*,

---

[1]The Honorable Brian S. Miller, United States District Judge for the Eastern District of Arkansas, adopting the report and recommendations of the Honorable Jerome T. Kearney, United States Magistrate Judge for the Eastern District of Arkansas.

has adopted a 'course of proceeding test' to evaluate whether a § 1983 defendant is sued in an individual or official capacity *where the complaint is not explicit*." (emphasis added)). Here, the plaintiff explicitly sued the defendants only in their official capacity.

Accordingly, we affirm the judgment of the district court.

_____